UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHALL SCOTT SOSBY,

    Petitioner,

v.                                                   Civil Action No. 4:12-cv-15216
                                                   Honorable Gershwin A. Drain

STEVE RIVARD,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY
DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner Marshall Scott Sosby's troubles in this case stem from the murder of his parents. Sosby pleaded guilty to their murders in the Circuit Court in Lenawee County, Michigan. He was initially charged with two counts of first-degree murder but subsequently entered into a plea agreement where he pleaded guilty to the two counts of the lesser included offense of second-degree murder, along with one count of felonious assault, one count of interfering with a police investigation, and felony firearm. Sosby is currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, where he is serving a life sentence, with parole, for one count of second-degree-murder and 375 to 750 months for the other count. He also is serving concurrent sentences of twenty-three months to four years for the assault conviction and fifty-seven months to ten years for the interfering conviction. Sosby will serve those sentences after first serving a mandatory two-year sentence for his felony-firearm conviction. He was sentenced on January 8, 2010.

On November 28, 2012, Sosby filed the pending habeas petition, *pro se*, raising a single

claim concerning his sentence. He claims that the trial court erred in sentencing him to a concurrent life sentence, with parole, for the one count of second-degree murder and 375 to 750 months for the second count of second-degree-murder conviction. He argues that the sentence violates the legislative intent expressed in Michigan Compiled Laws sections 791.234(7)(a), which states that a prisoner is eligible for parole after he or she serves fifteen years, and 791.233b, which states that a prisoner is not eligible for parole until he or she has served the minimum imposed by the court, and in Sosby's case that would be thirty-one years.

For the reasons stated, the Court will summarily dismiss Sosby's habeas petition. The Court also will decline to issue him a certificate of appealability.

## I. BACKGROUND

Following his convictions and sentences, Sosby filed a Delayed Application for Leave to Appeal with the Michigan Court of Appeals, raising the same claim raised in his habeas petition. The Court of Appeals denied the Delayed Application on March 14, 2011. *People v. Sosby*, No. 302039 (Mich. Ct. App. Mar. 14, 2011). On July 25, 2011, the Michigan Supreme Court denied his Application for Leave to Appeal the Court of Appeals's decision. *People v. Sosby*, 489 Mich. 994, 800 N.W.2d 90 (2011) (Table).

Sosby neither filed a Petition for a Writ of Certiorari with the United States Supreme Court nor a Motion for Relief from Judgment with the state trial court. Rather, he filed this habeas action.

## II. DISCUSSION

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts also are authorized to dismiss any habeas petition that

appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254; *see also Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999) (same). The Sixth Circuit has indicated that it "disapprove[s] the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas-corpus petition which lacks merit on its face. *Id.* at 141. No response to a habeas petition "is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without need for consideration of a response." *Id.*

After undertaking the review required by Rule 4, this Court concludes that Sosby's habeas claim is a state-law claim non-cognizable on federal-habeas review, and therefore, the petition must be summarily denied. *See McCrumb v. Klee*, No. 2:12-CV-12320, 2012 WL 2003497, at *2 (E.D. Mich. 2012).

### A. Sentencing Claim

As stated, Sosby was initially charged with two counts of first-degree murder arising from the shooting deaths of his parents. If he had been convicted on those charges, then he would have faced the mandatory prison term of non-parolable life. However, as part of his plea agreement, he agreed to plead guilty to the two counts of the lesser included offense of second-degree murder, which carries a punishment of any term of years or life. In calculating his sentencing guidelines recommendations for those convictions, he was scored twenty points under the Prior Record

3

Variables, for the multiple convictions, and 235 points under the Offense Variables. Each of the sentences that he received complied with the guidelines range.

Under the discretionary life sentence imposed for one of the second-degree-murder convictions, Sosby would be eligible for parole consideration under Michigan Compiled Law section 791.234, after serving fifteen years. However, pursuant to Michigan Compiled Law section 791.233b(n), under the 375- to 750-month prison term imposed for the other second-degree murder conviction, he is not eligible for parole until the expiration of the minimum sentence, which in his case is thirty-one years. Sosby argues that the imposition of those sentences frustrates the intent of the legislature as to each statutory scheme. The Court finds that Sosby's argument is a matter of state law and is not cognizable on federal-habeas review.

First, a sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000); *see also Foster v. Withrow*, 159 F. Supp. 2d 629, 645 (E.D. Mich. 2001) (same). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). Here, Sosby's sentences are within the statutory limits.

Second, to the extent that Sosby alleges that the trial court incorrectly scored his sentencing guidelines, his claim also is non-cognizable on federal-habeas review. An argument based on a perceived error or alleged violation of state law fails to state a claim on which habeas relief may be

granted. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000). Moreover, "the actual computation of [a petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)). "[I]n short, petitioner ha[s] no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.*

Against that backdrop, the Court concludes that Sosby is not entitled to habeas relief with respect to his sentencing claim.

## B. Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [Certificate of Appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong . . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

5

The Court concludes that reasonable jurists would not find its assessment of Sosby's claim debatable or wrong. The Court therefore declines to issue him a certificate of appealability.

### III.  CONCLUSION

Accordingly, it is ordered that Sosby's Petition for a Writ of Habeas Corpus [ECF No. 1] is DENIED.

It is further ordered that the Court DECLINES to issue Sosby a Certificate of Appealability.


                                                /s/Gershwin A Drainy
                                                GERSHWIN A. DRAIN
                                                UNITED STATES DISTRICT JUDGE

Dated: December 26, 2012